UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVE HARRI-DAS, SR., <br><br> *Plaintiff,* <br><br> v. <br><br> SUSAN SINGH and SANDY BHIKARI, <br><br> *Defendants.* | Civil Action No.          (          ) <br><br> **COMPLAINT, JURY DEMAND &** <br> **DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, STEVE HARRI-DAS, SR., currently residing at 129 Thorpe Avenue, Avenel, County of Middlesex, and State of New Jersey, by and through his attorneys, Garces, Grabler & LeBrocq, P.C., by way of complaint against the defendants, SANDY BHIKARI ("BHIKARI") and SUSAN SINGH ("SINGH"), severally and jointly (hereinafter collectively "Defendants"), says:

**JURISDICTION AND VENUE**

1.      This Court has diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff is a citizen of New Jersey and domiciled in this District.  None of the Defendants are citizens of New Jersey. The Defendants are both citizens of Florida.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(a) as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

**BACKGROUND, PARTIES AND NATURE OF ACTION**

1.      Plaintiff and defendant SINGH are siblings.  Defendant BHIKARI is Plaintiff's niece.

1

2.     At all times relevant hereto, Defendant BHIKARI resides at 134 Honeywood Drive, Kissimmee, Florida 34743.

3.     At all times relevant hereto, Defendant SINGH resides at 169 Coralwood Circle, Kissimmee, Florida 34743.

4.     At all times relevant hereto, from May 27, 2017 forward, Defendants have defamed Plaintiff regarding Defendants' claims that Plaintiff allegedly raped Defendant BHIKARI almost four decades ago in the State of New York.

5.     More specifically, Defendants have and continue to harass Plaintiff's friends and family by using various methods to spread multiple slanderous and defamatory remarks. Both Defendants have spread falsehoods and inaccurate information to Plaintiff's friends and family and have contradicted themselves making different claims to different parties of one alleged rape.

6.     On or about May 27th, 2017, Defendant SINGH contacted Plaintiff via text stating that Defendant BHIKARI had taken a lie detector test indicating BHIKARI was telling the truth about a rape accusation against Plaintiff. Defendants demanded that Plaintiff take and pass a polygraph test indicating that he had never raped BHIKARI. Defendants threatened Plaintiff that if he did not comply with their demand within two (2) days, and if he did not pass the polygraph test that they would pursue claims for civil damages and continue to spread defamatory and malicious allegations about Plaintiff to all of his friends and family. If Plaintiff did pass the polygraph test Defendants stated they would apologize for making the allegations.

7.     On May 30, 2017, when Plaintiff did not provide the test results in time with Defendants demand, Defendant SINGH texted Plaintiff and stated, "I just told Wanita (Plaintiff's niece) & family and slowly everyone will know." Although he was under no legal obligation to

do so, Plaintiff produced to Defendants polygraph results indicating that he had never raped BHIKARI and that he was not being deceptive. After receiving the results the Defendants still maliciously decided to disseminate slanderous and baseless allegations to Plaintiff's entire family, including his wife, children, in-laws, and friends. Plaintiff's family have been and continue to be contacted multiple times via e-mail, phone, regular mail, text, Facebook, and in person by Defendants making slanderous and defamatory remarks.

8.      By letter dated June 18, 2017, the Plaintiff demanded that Defendants never directly contact him or his immediate family ever again. That letter also demanded to have both Defendants end the harassment, innuendoes, derogatory comments, verbal assaults, and unsubstantiated claims of rape once and for all. Despite Plaintiff's good faith attempt to salvage his good name and rectify the anguish and humiliation caused by the allegations, Defendants did not retract their allegations.

9.      Plaintiff has been informed that defendant BHIKARI has a history of making multiple false rape accusations since adolescence. Plaintiff was also informed that a few months prior to Defendants' rape accusation and threat of a civil lawsuit against him Defendant BHIKARI had made a public plea via a charity website stating that her home was in disrepair, that she had a medical condition that left her unable to work adequate hours and that she needs money.

10.      From approximately June 16, 2017 through June 25, 2017, Plaintiff's relatives, including spouse, children, siblings and in-laws, received a copy of polygraph results from the Defendants alleging a rape by Plaintiff and follow up communications to confirm receipt of the allegations lodged against Plaintiff and to further make defamatory and slanderous statements about Plaintiff.

11.      Despite receiving the cease and desist letter of June 18, 2017, Defendant SINGH continued to call and text Plaintiff's relatives to make accusations stating that Plaintiff raped Defendant BHIKARI.  Plaintiff was also accused of being a "child molester, child rapist, and sex offender" by the Defendants. Defendants made contradictory statements as to the nature of this alleged rape. The date, location, and age of BHIKARI changed depending on who was being told the story.

12.      On or about July 15, 2017, Defendant SINGH sent a Facebook message to various people, including several of the Plaintiff's nieces and nephews, still accusing Plaintiff of the alleged rape, and threatening to "shakedown" anyone that shared negative information about the Defendants. Furthermore Defendant SINGH maliciously encouraged the recipients of her message to share her accusations and allegations to anyone she had not reached yet, to further humiliate and harass Plaintiff.

13.      On or about July 29, 2017, Defendant SINGH attended a religious function and openly called the Plaintiff a rapist and child molester in the presence of Plaintiff's relatives and friends.  The defamatory communications by Defendants against Plaintiff are ongoing.

## FIRST COUNT

### (DEFAMATION)

14.      Plaintiff incorporates herein by reference the afore-mentioned facts, described in paragraphs 1 through 13, as relevant to all claims for relief.

15.      Defendants BHIKARI and SINGH wrote or caused to be written the various postings and comments thereto, and published, or caused to be published, the posting and comments on the internet and social media regarding the allegations of rape and child molesting.

4

16.     The statements, among others, contained in the postings and in Defendants BHIKARI and SINGH comments are false, defamatory and libelous regarding the allegations of rape and child molesting.

17.     Defendants BHIKARI and SINGH maliciously publishing the allegations of rape and child molesting, with the intent that readers would believe that Plaintiff committed such acts are further evidence of Defendants' defamation and malicious intent.

18.     The same is true for the fact that Defendants BHIKARI and SINGH continued to make harassing, defaming and disparaging comments about Plaintiff after each of them received the Cease and Desist Letter of June 18, 2017.

19.     Defendants BHIKARI and SINGH are believed to have made similarly offensive, false and abusive comments on other occasions including, but not limited to, from June 16, 2017 through July 29, 2017, to various third parties, including Plaintiff's relatives.

20.     Defendants BHIKARI and SINGH intended their written words and statements to be defamatory and at least various people who viewed and commented on the postings and these Defendants' comments understood them as being so.

21.     Defendants BHIKARI's and SINGH's words were completely false and have resulted in Plaintiff being held up to public ridicule and great distress within his family.

22.     No act by Plaintiff precipitated the making of these statements, and Plaintiff has at all times conducted himself as a good and moral citizen, and there was no basis for the statements having been made and published on the internet or communicated via various other methods.

23.     Plaintiff is a contributor to his community, which require him to build close personal relationships with his associates, friends and relatives. As a result of the Defendants'

false and defamatory accusations and statements, Plaintiff has been severely injured in his reputation, has suffered severe emotional distress, and such damage will continue to accrue and be suffered.

WHEREFORE, Plaintiff, STEVE HARRI-DAS, SR, seeks judgment against Defendants, SANDY BHIKARI and SUSAN SINGH, severally and jointly, for compensatory damages in an amount to be determined at trial, plus punitive damages and costs of suit.

## SECOND COUNT

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

24.     Plaintiff incorporates herein by reference the afore-mentioned facts, described in paragraphs 1 through 13, and the prior count, relevant to all claims for relief.

25.     Defendants BHIKARI and SINGH engaged in the following extreme and outrageous conduct against the Plaintiff:

(a) Posting completely false, baseless and harassing comments on the internet and other social media for friends and family to read;

(b) Continuing to make defamatory, false posts and comments about Plaintiff from May 27, 2017 forward;

(c) Continuing to make defamatory, false posts and comments about Plaintiff after Defendants received the Cease and Desist Letter; and

(d) Maliciously encouraging Plaintiff's friends and relatives to read the postings and comments and post their own comments regarding Plaintiff's alleged actions.

26.     Defendants BHIKARI and SINGH engaged in the conduct enumerated in paragraph 25 either with the intent to inflict severe emotional distress or with full knowledge that there was a high probability that their conduct would do so.

27.     Defendants BHIKARI's and SINGH's conduct caused severe emotional distress to Plaintiff.

6

WHEREFORE, Plaintiff, STEVE HARRI-DAS, SR, seeks judgment against Defendants, SANDY BHIKARI and SUSAN SINGH, severally and jointly, for compensatory damages in an amount to be determined at trial, plus punitive damages and costs of suit.

### THIRD COUNT

### (INJUNCTIVE RELIEF)

28.   Plaintiff incorporates herein by reference the afore-mentioned facts, described in paragraphs 1 through 13, and the prior counts, relevant to all claims for relief.

29.   Defendants BHIKARI's and SINGH's posting, texting and comments about Plaintiff on his character and alleged actions involving rape and child molesting were false, inaccurate, defamatory, malicious and incredibly damaging to Plaintiff and his reputation amongst the public, friends and family.

30.   Plaintiff believes that, unless restrained and enjoined by order of this Court, Defendants BHIKARI and SINGH will continue to make false and defamatory statements about him and continue to damage his reputation.

WHEREFORE, Plaintiff requests that this Court enter an order enjoining Defendants, BHIKARI and SINGH, from making and publishing any defamatory statements about Plaintiff.

### JURY DEMAND

Pursuant to R. 38 of the Federal Rules of Civil Procedure, plaintiff demands a jury trial on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Arlindo B. Araujo, Esq. is hereby designated as trial counsel.

## CERTIFICATION

Counsel certifies that this pleading is present in compliance to R̲. 11 of the Federal Rules of Civil Procedure.

GARCES, GRABLER & LEBROCQ, P.C.

_/s/ Arlindo B. Araujo_

ARLINDO B. ARAUJO, ESQ.
235 Livingston Avenue
New Brunswick, New Jersey 08901
(732) 317-0700

Attorneys for Plaintiff

DATED: November 7, 2017