UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVE HARRI-DAS, SR., <br><br> *Plaintiff*, <br><br> v. <br><br> SUSAN SINGH, et al., <br><br> *Defendants*. | Civil Action No. 17-11385 <br><br> ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Steve Harri-Das, Sr.'s ("Harri-Das" or "Plaintiff") unopposed Motion for Entry of Default Judgment,[1] ECF No. 54, against Defendants Susan Singh ("Singh") and Sandy Bhikari ("Bhikari" and together with Singh, the "Defendants");

and it appearing that this action arises out of allegedly defamatory and slanderous statements made by Defendants to third parties about Plaintiff, see generally Compl., ECF No. 1;

and it appearing that beginning on or about May 27, 2017, Singh, Plaintiff's sister, contacted Plaintiff via text message stating that Plaintiff had raped Bhikari, Singh's daughter and Plaintiff's niece, when she was child and that Bhikari had taken a polygraph test supporting the veracity of the rape allegation, id. ¶¶ 1, 6;

and it appearing that thereafter, Defendants told Plaintiff's family and friends via social media (Facebook), mail, email, text message, and in-person communications, that Plaintiff raped Bhikari and molested other minor children, and that Plaintiff is generally a child molester and sexual predator, id. ¶¶ 4, 11;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

and it appearing that as a result of Defendants' actions, Plaintiff's reputation has allegedly been damaged, his relationship with friends and family has been strained, and he has suffered significant emotional trauma, Certification of Plaintiff ("Pl. Cert.") ¶¶ 26-36, ECF No. 54.1;

and it appearing that on November 7, 2017, Plaintiff filed a Complaint against Defendants alleging defamation ("Count I"), intentional infliction of emotional distress ("Count II"), and injunctive relief ("Count III"), Compl. ¶¶ 14-30;

and it appearing that Singh and Bhikari were served with a copy of the Summons and Complaint on March 1, 2018 and August 25, 2018, respectively, Pl. Cert. Ex. H, ECF No. 54.3;

and it appearing that Singh and Bhikari filed answers to the Complaint with affirmative defenses on November 9, 2018 and June 26, 2019, respectively, ECF Nos. 19, 29-30;

and it appearing that thereafter, Defendants consistently failed to meet discovery and Court-imposed deadlines, see ECF No. 53, at 1-2 ("Jan. 28 Order");

and it appearing that for this reason, and after giving Defendants ample time to appear and provide written discovery responses, Plaintiff filed a motion for sanctions on November 11, 2020, ECF No. 51;

and it appearing that on January 28, 2021, Hon. Joseph A. Dickson granted the motion for sanctions in accordance with Federal Rule of Civil Procedure 37(b)(2)(A) and 37(d)(1)(A),[2] and further ordered that (1) Defendants' answers and counterclaims be stricken from the record, (2) the Clerk of Court be directed to enter default against Defendants, (3) Plaintiff file a motion for

---

[2] Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. . . . They may include . . . striking pleadings in whole or in part . . . [and] rendering a default judgment against the disobedient party." Rule 37(d)(1)(A) provides that the Court may impose similar sanctions for failure to properly serve requests for the production of documents.

default judgment by February 19, 2021, and (4) the Court award reasonable attorneys' fees as part of any damages award resulting from the motion for default judgment, Jan. 28 Order, at 7-8;

and it appearing that on January 28, 2021, the Clerk of the Court entered default against Defendants;

and it appearing that Plaintiff timely moved for default judgment, ECF No. 54;

and it appearing that, before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008), and whether Plaintiff properly served Defendants, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff is a citizen of New Jersey, Defendants are citizens of Florida, and the amount in controversy is $75,000, Compl. ¶ 1;

and it appearing that the Court has personal jurisdiction[3] over Defendants, as Defendants aimed the alleged defamatory comments at Plaintiff's relatives, many of whom live in New Jersey, with the intent of defaming Plaintiff in New Jersey, Pl. Decl. ¶ 13 (explaining that between June 16, 2017 and June 25, 2017, Plaintiff's relatives in New Jersey including his wife, sons, siblings, and in-laws were all contacted by Defendants regarding the allegedly false allegations); id. ¶ 23

---

[3] "[T]he exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.'" Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir. 2003) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). When the cause of action alleged is an intentional tort committed by defendants outside of the forum, the court can exercise jurisdiction only if: (1) "the defendant committed an intentional tort;" (2) "the forum was the focal point of the harm suffered by the plaintiff as a result of that tort;" and (3) "the forum was the focal point of the tortious activity in the sense that the tort was 'expressly aimed' at the forum." IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 261 (3d Cir. 1998). In other words, "[i]t is not sufficient that a defendant was aware a plaintiff would be harmed in the forum." Weerahandi v. Shelesh, No. 16-6131, 2017 WL 4330365, at *5 (D.N.J. Sept. 29, 2017) (citing Marks v. Alfa Grp., F. App'x 368, 370 (3d Cir. 2010)).

3

(explaining that on February 26, 2018, New Jersey's Division of Child Protection and Permanency was contacted regarding allegations that Plaintiff abused his granddaughter and was an alcoholic);

and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in New Jersey, Compl. ¶ 2;

and it appearing that Defendants acknowledged service of the Summons and Complaint by appearing and filing answers, ECF Nos. 19, 29-30;

and it appearing that before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proven damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that Count I alleges that Defendants made defamatory statements about Plaintiff, see Compl. ¶¶ 14-23;

and it appearing that to succeed in a defamation action, a plaintiff must prove: "(1) that defendants made a false and defamatory statement concerning [plaintiff]; (2) that the statement was communicated to another person . . . ; and (3) that defendants acted negligently or with actual malice," G.D. v. Kenny, 205 N.J. 275, 292-93 (2011);

and it appearing that a defamatory statement "is one that subjects an individual to contempt or ridicule, one that harms a person's reputation by lowering the community's estimation of him or by deterring others from wanting to associate or deal with him," id. at 293 (citations omitted); see also id. ("A statement falsely attributing criminality to an individual is defamatory as a matter of law.");

and it appearing that Plaintiff alleges (1) that Defendants falsely accused Plaintiff of raping Bhikari and generally molesting children, Compl. ¶ 16;[4] (2) Defendants communicated these statements to Plaintiff's family and friends, id. ¶ 5; and (3) Defendants acted negligently or with malice by continuing to communicate these defamatory statements after receiving a verified polygraph test that Plaintiff had not raped Bhikari, see Pl. Cert. ¶¶ 11-12;

and it appearing that the Complaint thus sufficiently pleads liability;[5]

and it appearing that before entering default judgment, the Court must consider: (1) "prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014) (citation and quotation marks omitted);

and it appearing that Plaintiff will suffer prejudice absent an entry of default judgment, as "Plaintiff has no other means of seeking damages for the harm caused by the Defendants," Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012); see also Bank of Hope v. Chon, No. 14-1770, 2020 WL 1193071, at * (D.N.J. Feb. 18, 2020) (explaining that the defendant's failure to respond prejudiced the plaintiff, "because he has been prevented from prosecuting [his] case . . . and seeking relief in the normal fashion") (quotation marks and citation omitted);

and it appearing that, accepting the allegations in the Complaint as true, Defendants do not appear to have a meritorious defense, see Jan. 28 Order (explaining that Defendants' failure to participate in the case makes adjudication of their potential defenses impossible);

---

[4] For the purposes of the instant Order, the Court accepts as true Plaintiff's averment in his Certification that these statements were false. See generally Pl. Cert.

[5] Because Plaintiff seeks identical relief for Count I (defamation) and Count II (intentional infliction of emotional distress), the Court need not determine whether Plaintiff has adequately stated a claim for intentional infliction of emotional distress.

5

and it appearing that the Defendants' failure to respond to discovery or contest Plaintiff's motion for sanctions, in the face of allegations of substantial wrongdoing, is sufficient to infer culpability, see U.S. Small Bus. Admin. v. Silver Creek Const. LLC, No. 13-6044, 2014 WL 3920489, at *5 (D.N.J. Aug. 11, 2014); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that defendant's failure to respond to communications from plaintiff and court support a finding of culpability);

and it appearing that although the Court accepts the facts pled in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

and it appearing that "[d]amages which may be recovered in an action for defamation are: (1) compensatory or actual . . . ; (2) punitive or exemplary; and (3) nominal," W.J.A. v. D.A., 210 N.J. 229, 239 (2012) (citation and quotation marks omitted);

and it appearing that actual damages include presumed damages, which are the normal damages "to be anticipated when a person's reputation is impaired" and which may be obtained without a plaintiff "proving actual harm to his reputation," id. (citation and quotation marks omitted); see also Murphy v. Millennium Radio Grp., No. 08-1743, 2015 WL 419884, at *7-8 (D.N.J. Jan. 30, 2015) (analyzing New Jersey case law and explaining that absent a showing of actual harm, only nominal damages are appropriate);

and it appearing that in contrast, punitive or exemplary damages are "intended to punish and deter wanton conduct" and may only be awarded if a plaintiff satisfies all elements of New Jersey's Punitive Damages Act, N.J.S.A. 2A:15-5.9, et seq., see W.J.A., 210 N.J. at 241;[6]

---

[6] "In determining whether punitive damages are to be awarded, the trier of fact must consider all the relevant evidence, including the following: (1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct; (2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would

and it appearing that Plaintiff seeks $100,000 in damages resulting from the emotional, behavioral, financial, and social harm that Plaintiff experienced as a result of the allegedly defamatory statements, Pl. Cert. ¶¶ 36-38;

and it appearing that Plaintiff does not further explain how he reached the $100,000 damages figure and why such figure is the appropriate damages calculation;

and it appearing that because damages are a question of fact typically determined by the factfinder, see N.J. Physicians United Reciprocal Exchange v. Boynton & Boynton, Inc., No. 12-5610, 2014 WL 317179, at *7 (D.N.J. Jan. 28, 2014), the Court concludes that a hearing to address the appropriate damages and in order to allow the Court to further consider the relevant evidence as required by N.J.S.A. 2A:15-5.12(c) is warranted;

**IT IS** on this 13th day of July, 2021;

**ORDERED** that Plaintiff's Motion for the Entry of Default Judgment, ECF No. 54, is **GRANTED** as to liability, and it is further

**ORDERED** that the Plaintiff shall appear before Hon. Jessica S. Allen, U.S.M.J., for a hearing on damages. Judge Allen will schedule such hearing and the parties will be notified via ECF.

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

arise from the defendant's conduct; (3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and (4) The duration of the conduct or any concealment of it by the defendant." N.J.S.A. 2A:15-5.12(b).